## Conley *v.* Firemen's Relief and Pension Fund Board of Pittsburgh et al., Appellants.

Argued November 10, 1937.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Anne X. Alpern,* First Assistant City Solicitor, with her *John J. Kennedy,* City Solicitor, and *Harry C. Beschel,* for appellants.

*Oliver K. Eaton,* for appellee.

PER CURIAM, January 27, 1938:

We are all of opinion that the present appeal should be dismissed and the decree of the court below affirmed on the ground that George E. A. Fairley, after assuming the office of Director of Public Safety of the City of Pittsburgh, in place of David Turets, whose appointment had not been confirmed by Council, in effect, ratified and confirmed Turets' appointment of the plaintiff, Conley, as Chief of the Bureau of Fire, in the Department of Public Safety.

On September 3, 1936 Mayor McNair nominated David Turets to the office of Director of Public Safety. The Charter Act, governing the City of Pittsburgh, (Act of March 7, 1901, P. L. 20, Art. XII, sec. 1, 53 PS sec. 9341) requires confirmation by Council of appointments of directors of departments. Before Council acted on his appointment Turets proceeded to perform the functions of the office and the same day that he was nominated he appointed Conley, Chief of the Bureau of Fire, advising him that his duties would commence at midnight of that day. Conley took the oath of office and furnished bond.

The next day, on September 4, Council in regular session rejected the nomination of Turets as Director of Public Safety and the same day confirmed the appointment of Fairley, a substituted nominee, who, at once assumed the duties of his office.

The slightest examination or inquiry on Fairley's part would have disclosed that Conley was acting as Fire Chief under appointment of Turets. Indeed, it is inconceivable that he did not know it. He allowed Conley to continue to exercise the office of Fire Chief. He was in constant communication with him regarding the affairs of the Bureau, sat with him in meetings of the Trial Board over which Conley presided as Chief. At Fairley's request and suggestion, Conley appointed employees, and discussed with him the business of the Bureau. All communications from Fairley to Conley were addressed to him as Chief of the Bureau. He presented Conley with an insignia of office as chief, and continuously recognized and held him out to the public as chief. When the City Controller questioned the propriety of Conley's name appearing as Chief of the Bureau of Fire on the certified payroll of the Department of Public Safety, entitled to the regular salary as chief for the period ending September 15, Fairley certainly had full knowledge of the circumstances of Conley's appointment, but, nevertheless, he sent the controller the following letter:

"CITY OF PITTSBURGH
Department of Public Safety

September 14th, 1936

Dr. James P. Kerr,
Controller,
City of Pittsburgh,
Dear Sir:

This is to advise you that I hereby authorize the name of Louis J. Conley as Chief of the Bureau of Fire,

Department of Public Safety, to appear as such on the payroll as presented on last Saturday,

Yours very truly,
George A. Fairley,
Director."

This letter, of itself, was tantamount to a confirmation of the prior appointment. Under the Charter Act aforesaid appointments of subordinate officers by directors do not have to be in writing; removals of such officers must be (Art. XII, sec. 2, 53 PS sec. 9343).

On October 16, 1936, Fairley sent Conley the following communication:

"CITY OF PITTSBURGH
Pennsylvania
Department of Public Safety
George E. A. Fairley
Director

October 16th, 1936.

Mr. Louis J. Conley,
Chief,
Bureau of Fire,
Dear Sir:

I am instructed by higher authority to change your status to that held by you previous to September 3rd, 1936. This takes effect immediately.

Battalion Chief William M. Graves is hereby appointed Acting Chief of the Bureau of Fire until further notice.

Yours very truly,
George E. A. Fairley,
Director."

It will be noticed that the Director did not revoke Conley's appointment as illegally made, or deny the legality of his incumbency of the office. He addressed him as Chief, Bureau of Fire, and changed his existing status of Fire Chief to that held by him prior to September 3, 1936, to wit, captain.

It is not necessary to give further instances of this recognition and ratification of Conley's appointment. We are of opinion that they were sufficient to confirm the appointment improvidently made by Turets and entitle the plaintiff to the retirement provision claimed by him.

The appeal is dismissed and the decree affirmed at the costs of the appellants.